UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SCOTT HUMINSKI,
    Plaintiff,

v.

STATE OF CONNECTICUT, et al.,
    Defendants.

No. 3:14-cv-1390 (MPS)

## MEMORANDUM OF DECISION

### I. Introduction

Plaintiff Scott Huminski ("Mr. Huminski"), proceeding *pro se*, has submitted over 100 filings in the past week in response to the Court's ruling dismissing his complaint (the "Ruling"). (ECF No. 193.) These new filings simply repeat allegations from his original complaint, which the Court addressed in its Ruling, and request that the Court recuse itself due to an alleged bias against the disabled. As a result, the Court will treat Mr. Huminski's post-Ruling filings as a Motion for Reconsideration and a Motion for Recusal.[1] (*See, e.g.,* ECF Nos. 194 (titled "Motion to Reconsider Dismissal Order"); 206 (titled "Motion to Recuse Hon. Judge Shea.").) For the purposes of this ruling, the Court assumes the parties are familiar with Mr. Huminski's factual allegations, which are discussed in the Court's Ruling. (Ruling, at 1-2.) For the following reasons, Mr. Huminski's Motions for Reconsideration and Recusal are DENIED.

### II. Discussion

---

[1] Pursuant to its duty to construe *pro se* pleadings broadly, *see Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) ("[C]ourts must construe *pro se* pleadings broadly, and interpret them 'to raise the strongest arguments that they suggest.'") (quoting *Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir. 1996)), this Court will treat Mr. Huminski's requests that I recuse myself as a Motion for Recusal, notwithstanding the procedural requirements for making such a motion under 28 U.S.C. §§ 144, 455. *See generally Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987) ("Before reaching the merits of a recusal motion, we must first consider whether the procedural requirements have been met.").

### A. Reconsideration

Motions for reconsideration are governed by Federal Rule of Civil Procedure 60(b)[2] and District of Connecticut Local Rule 7(c). A motion for reconsideration should be granted only when the defendant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Even when construing Mr. Huminski's motions broadly, the Court finds that Mr. Huminski has not met the "strict" standard for reconsideration. Mr. Huminski does not cite any change in controlling law or new evidence that would alter the Court's decision to dismiss his Complaint for lack of subject matter jurisdiction and for frivolous claims. Instead, Mr. Huminski raises the same arguments that the Court previously addressed in its Ruling. For example, without introducing any new evidence or controlling law, Mr. Huminski again alleges that he

---

[2] Federal Rule of Civil Procedure 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

faces perceived arrest threats that violate his First Amendment rights (*see, e.g.*, ECF Nos. 194, 195, 196, 198, 199, 200, 201, 202, 203, 205, 208, 209, 213, 214, 217, 218, 258, 259, 260, 261, 262, 269, 271, 275, 278, 280, 282, 283), despite this Court's finding that it lacks subject matter jurisdiction over such claims or that the claims are frivolous.  (*See* Ruling, at 4-8.)  Likewise, Mr. Huminski renews his prior allegations that this Court has violated the Americans with Disabilities Act ("ADA"), by discriminating against the disabled.  (*See, e.g.*, ECF Nos. 204, 207, 211, 213, 225, 226, 227, 228, 229, 231, 232, 233, 234, 235, 247, 248, 251, 254, 263, 279, 285, 286, 287, 288.)  However, this Court previously dismissed that claim in its Ruling, and Mr. Huminski has not introduced any new evidence or controlling law to support his repetitive allegation.  Mr. Huminski has therefore not "point[ed] to controlling decisions or data that the court overlooked," as is required by a party seeking reconsideration.  *Shrader*, 70 F.3d at 257.

In short, Mr. Huminski's motions request reconsideration of the Court's Ruling by simply restating the same allegations addressed and dismissed in the Ruling.  Accordingly, Mr. Huminski has not raised any issue in his numerous motions that would compel the Court to reconsider its prior Ruling to avoid clear error or manifest injustice, or anything "that might reasonably be expected to alter the conclusion reached by the court."  *Id*.  Thus, because Mr. Huminski has not provided any evidence, law, or arguments that the Court previously overlooked that would establish subject matter jurisdiction or render his allegations not frivolous, and has instead re-alleged the same claims already addressed by this Court, Mr. Huminski's Motion for Reconsideration is DENIED.  *Id*.  (stating that a motion for reconsideration is not a vehicle for revisiting "issue[s] already decided.").[3]

---

[3] Mr. Huminski also requests that this Court make "findings of fact and conclusions of law" that amount to requests for advisory opinions.  (*See, e.g.*, ECF Nos. 197, 198, 214, 215, 219, 220, 221, 222, 223, 224.)  As discussed in its Ruling (*see* Ruling, at 9-10), the Court may not issue declaratory judgments that amount to advisory opinions. *Penguin Books USA Inc. v. Walsh*, 929 F.2d 69, 72 (2d Cir. 1991).  Further, the Court may not make findings of fact

### B. Recusal

"[T]he substantive standard for recusal is whether a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned." *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987). "Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." *Chen v. Chen Qualified Settlement Fund,* 552 F.3d 218, 227 (2d Cir. 2009). In fact, "adverse 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'"[4] *Lipin v. Sawyer*, 395 Fed. App'x 800, 802 (2d Cir. 2010) (quoting *Liteky v. United States,* 510 U.S. 540, 555 (1994)).

Mr. Huminski's motions seeking recusal must also be denied. Mr. Huminski repetitively argues that the Court should be disqualified on the ground that the Court allegedly discriminates against the disabled in violation of the ADA, and raises as "evidence" of such bias the same arguments the Court already addressed in its Ruling. (*See, e.g.*, ECF Nos. 206, 225, 226, 230, 243, 250, 256, 267, 284.) For example, Mr. Huminski claims that:

> THE DISMISSAL RULING IS VOID FOR WANT OF DUE PROCESS BECAUSE OF A CONFLICT OF INTEREST OF THE JUDGE BASED UPON CLAIMS OF DISCRIMINATION AGAINST THE DISABLED AND ADA VIOLATIONS PENDING AGAINT THE COURT IN A MOTION FOR LEAVE TO AMEND, CLAIMS AND A MOTION IGNORED BY THE COURT[.]

(ECF No. 267.) Mr. Huminski's conclusory claims do not implicate this Court's impartiality such that "a reasonable person, knowing all the facts, would conclude that the court's impartiality

---

after it has concluded that it lacks jurisdiction and that any claims over which it might have jurisdiction are frivolous.

[4] "A judge is not to be faulted as biased or prejudiced because he has considered that the effective discharge of his responsibility over proceedings before him . . . has demanded the consistent rejection of [a party's] contentions or strong measures to prevent what he regards as inexcusable waste of time." *Rosen v. Sugarman,* 357 F.2d 794, 798 (2d Cir. 1966).

might reasonably be questioned[,]" *Apple*, 829 F.2d at 333, because the only support for Mr. Huminski's claims is that the Court ruled against him,[5] and it is well-established that "claims of judicial bias must be based on extrajudicial matters." *Chen,* 552 F.3d at 227. Moreover, as noted, "adverse 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" *Lipin*, 395 Fed. App'x at 802 (quoting *Liteky,* 510 U.S. at 555). Therefore, because Mr. Huminski's basis for attributing an alleged bias to this Court is its adverse rulings, Mr. Huminski's motions for recusal are DENIED.[6] Mr. Huminski's remaining pending motions, all of which appear to be repetitious of arguments previously made and rejected, or otherwise frivolous, are denied as moot.

### III.     Filing/Sanctions

In the week since this Court issued its Ruling, Mr. Huminski has filed over 100 motions, notices, and so-called memoranda. Most of these filings are repetitive and consist of conclusory and frivolous arguments, as discussed above, and often they are incoherent. Despite this Court's warning to Mr. Huminski that he may face sanctions should he continue to engage in such frivolous filings, *see* Ruling, n.6, he appears to have only renewed his resolve to flood this Court's docket with baseless filings, none of which are necessary to express his disagreement

---

[5] For example, Mr. Huminski claims that the Court discriminated against him by granting defendants' initial motion for security for costs. However, this Court's Local Rules entitle a defendant to such costs. *See* D. Conn. Local R. 83.3(a) ("Any time after the commencement of an action, the defendants, or the plaintiffs upon the filing of a counterclaim, are entitled on request to the Clerk to an order to be entered by the Clerk, as of course, for a cash deposit or bond with recognized corporate surety in the sum of $500.00 as security for costs to be given within thirty days from the entry of such order."). Although the Court may modify or waive such costs, D. Conn. Local R. 83.3(b), Mr. Huminski has not shown "good cause" for the Court to do so. Mr. Huminski never submitted any financial affidavits demonstrating his inability to post security for costs. In any event, despite his filing of over a dozen motions contesting the grant of such security, there is no record on the docket that he actually complied with the Court's order by submitting the required bond.

[6] In addition, because there was no trial in this case, Mr. Huminski's Motions for a New Trial (*see* ECF Nos. 258-67, 269) are DENIED. Further, to the extent Mr. Huminski seeks this Court to act on an alleged death threat he received, such motions are denied. (*See, e.g.*, ECF Nos. 238, 239, 241, 252, 256, 257.) The Court repeats the directive it issued on the docket (ECF No. 189) and in its Ruling that this Court is not the appropriate forum to address a matter allegedly involving an individual over whom the Court would not have personal jurisdiction.

with the Court or to obtain further relief, which he may do by filing a notice of appeal.  Mr. Huminski appears to be repeating a pattern of litigation abuse he has followed in other courts. *See, e.g., Huminski v. Vermont*, 2014 WL 169848, at *5 (M.D. Fl. Jan. 15, 2014).  Given Mr. Huminski's clear abuse of the e-filing system, and his failure to heed this Court's prior warning, the Court hereby VACATES its order granting Mr. Huminski permission to electronically file his pleadings.  (ECF No. 55.)  Electronic filing is a privilege, not a right, and it is one that Mr. Huminski has consistently abused, as even a cursory review of the docket makes clear.

In addition, given the volume and nature of Mr. Huminski's numerous filings, he is hereby ordered to show cause, by May 4, 2015, why this Court should not bar him, pursuant to its powers under the All Writs Act, 28 U.S.C. § 1651, and its inherent power, from submitting any further filings in this case, other than a notice of appeal.  *See In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982) (per curiam) ("The equity power of a court to give injunctive relief against vexatious litigation is an ancient one which has been codified in the All Writs Statute.").  Mr. Huminski is further ordered to refrain from submitting any other filings (except a notice of appeal, which he may file at any time) until he responds to this Court's order to show cause and the Court makes a finding that he has shown a legitimate need to make such a filing.  This order applies to any electronic filings he may attempt to make before the Clerk's office takes the steps necessary to implement the suspension of his e-filing privileges and to any paper filings he makes in the Clerk's office thereafter.  The Court has addressed Mr. Huminski's complaint and his prior motions, including his numerous motions for reconsideration.  Should he take issue with the Court's rulings, his appropriate remedy at this point is to file an appeal.

The Court also warns Mr. Huminski that should he nonetheless continue to file frivolous motions despite this Court's repeated warnings, the Court enjoin Mr. Huminski from submitting

any further filings related to the events described in his complaint or the Court's rulings regarding his complaint (other than a notice of appeal) in the District of Connecticut without this Court's prior approval.  *See In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."); *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) ("[W]e are mindful that a district court may, in its discretion, impose sanctions against litigants who abuse the judicial process" and listing factors for court to consider) (quoting reference omitted); *Viola v. United States*, 481 Fed. App'x 30, 31 (2d Cir. Sept. 28, 2012) (upholding district court's leave-to-file sanction); *In re Hartford Textile Corp.*, 681 F.2d at 897.

**IV. Conclusion**

For the reasons set forth above, Mr. Huminski's motions for reconsideration and recusal are DENIED, and all other pending motions are DENIED as moot.  The Clerk is directed to revoke Mr. Huminski's electronic filing privileges, and Mr. Huminski is ordered to show, by May 4, 2015, why this Court should not bar him from submitting any further filings in this case except a notice of appeal.  Mr. Huminski is allowed to make no further filings in this case—except for a notice of appeal—until he responds to the Court's order to show cause and the Court determines that there is a legitimate basis for filings other than a notice of appeal.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:     Hartford, Connecticut
           April 22, 2015